### In re GREAT NORTHEASTERN LUMBER & MILLWORK CORPORATION, Debtor.

### Bankruptcy No. 82–01965G.

United States Bankruptcy Court, E. D. Pennsylvania.

June 7, 1982.

George J. Meng, Philadelphia, Pa., for debtor, Great Northeastern Lumber & Millwork Corp.

Prince Altee Thomas, Deputy Atty. Gen., Philadelphia, Pa., for applicant, Commonwealth of Pennsylvania, Dept. of Revenue.

Leo F. Doyle, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on the application of the Commonwealth of Pennsylvania, Department of Revenue ("the Commonwealth") for the appointment of a trustee.[1] For the reasons hereinafter set forth we will grant the application.

The request for the appointment of a trustee in a case under chapter 11 of the Bankruptcy Code ("the Code") is governed by § 1104(a) which provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

At the required hearing held herein, the Commonwealth offered evidence that Great Northeastern Lumber and Millwork Corporation ("the debtor") had a history of failing to file returns and pay sales taxes which are due to the Commonwealth. The Commonwealth also produced records to show that from March, 1974, to June, 1979, the debtor had filed no returns and paid no sales taxes. Furthermore, for the period from July, 1979, to July, 1980, the debtor filed returns but failed to pay the taxes due; and, from August, 1980, to July, 1981, the debtor filed returns and remitted checks for the amounts due, but four of the eleven checks were returned for lack of sufficient funds.[2] Thereafter, from July, 1981, to December, 1981, the debtor filed returns contending that it was no longer operating its business and that, consequently, no sales taxes were due. The total sales taxes which the Commonwealth asserts is due to date by the debtor is approximately $507,000.00.[3]

In response, the debtor alleges that, although certain returns were not filed and certain taxes were not paid, the debtor and its president were contesting the assessments by the departmental appeal process. The debtor further contends that the appointment of a trustee would be a waste of

the debtor's assets since the debtor is no longer operating any business or incurring any further sales tax liability but was only renting its business property in an effort to work out an arrangement with the Commonwealth for the repayment of its tax debt.

The Commonwealth disputes the debtor's assertion that the debtor was no longer operating a business. The Commonwealth's investigator testified that he had visited the business premises of the debtor and that said business was being operated. Although the investigator admitted that the signs on the premises stated that the operator was an entity other than the debtor,[4] he stated that on further inquiry he had learned that the president of the new operator of the business was the son of the president of the debtor. Because of that interrelationship, the Commonwealth asserts that a trustee is needed to investigate the debtor's affairs and possible connection with the new operator of the business.

We agree with the Commonwealth that a trustee should be appointed for both of the reasons cited by the Commonwealth. Firstly, we determine that the failure of the debtor to file and pay its sales taxes for the past six years constitutes such "gross mismanagement of the affairs of the debtor by current management . . . before . . . the commencement of the case" as to constitute "cause" for the appointment of a trustee under § 1104(a)(1) of the Code.[5] Secondly, we conclude that if the new operator of the debtor's business is, in fact, the alter ego of the debtor, then there is a possibility that the Commonwealth, and other creditors, are being defrauded by the debtor's actions in ceasing to do business and allowing a related entity to take over its operations. At the least, we find that the appointment of a trustee to investigate the circumstances of the debtor and its relationship to other enti-

---

**2.** The bad checks were eventually made good after the Commonwealth brought criminal charges on them.

**3.** That figure includes interest, penalties and legal fees.

**4.** The signs on the premises state that the new operator of the business is Northeast Building Materials, Inc.

**5.** 11 U.S.C. § 1104(a)(1).

ties is in the interest of all of the debtor's creditors pursuant to § 1104(a)(2).