**In re Alfred RISTAGNO t/a Telstar Jewelers, Debtor.**

**Alfred RISTAGNO t/a Telstar Jewelers, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA, and Joseph A. Sullivan, Sheriff of the City and County of Philadelphia, Defendants.**

Bankruptcy No. 82–04786K.
Adv. No. 82-2603K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 2, 1983.

Morton R. Branzburg, Philadelphia, Pa., for debtor/plaintiff.

Prince Atlee Thomas, Deputy Atty. Gen., Com. of Pa., Eastern Regional Office, Philadelphia, Pa., for defendants.

Paul P. Giordano, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is an Application for the Appointment of a Trustee by the Commonwealth of Pennsylvania, Department of Revenue.[1] For the reasons hereinafter set forth, we will grant the Application.

The request for the appointment of a trustee in a case under Chapter 11 of the Bankruptcy Code ("The Code") is governed by § 1104(a) which provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors; any equity security holders, and other interests of the estate, without regard to the number of

holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104.

At the required hearing held herein, the Commonwealth offered evidence that the debtor had a history of paying only a small fraction of the sales tax due the Commonwealth from 1977 through the first half of 1980. For example, in 1977, the debtor paid $2,390.21 when his assessed liability was in excess of $38,000.[2] The Commonwealth presented similar discrepancies for the other periods in question. The allegations of the Commonwealth are further bolstered by a consideration of the debtor's federal income tax returns for the periods in question.[3] Again using 1977 as an example, the debtor reported gross receipts or sales of $662,825.15. The payment of $2,390.21 in sales taxes hardly approaches the Commonwealth's six percent (6%) tax rate on gross sales.[4] In fact, six percent (6%) of this figure is very close to the Commonwealth's assessment of the debtor's liability. All in all, the Commonwealth alleges a deficiency of $298,000[5] including interest and penalties for the period in question.

In the recent case of *In re Great Northeastern Lumber & Millwork Corp.,* 20 B.R. 610 (Bkrtcy.E.D.Pa.1982), the Honorable Emil F. Goldhaber, Bankruptcy Judge in this District, appointed a trustee in a similar situation. There, the debtor failed to file and pay sales taxes for six (6) years. The Court stated that:

The failure of the debtor to file and pay its sales taxes for the past six years constitutes such "gross mismanagement of the affairs of the debtor by current management ... before ... the commencement of the case" as to constitute "cause" for the appointment of a trustee under § 1104(a)(1) of the Code.

*Id.* at 611. The fact that the debtor in the instant case did file and pay a small frac-

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

2. Commonwealth Exhibit C–6.

3. Commonwealth Exhibit C–4.

4. 72 Pa.Stat.Ann. § 7202 (Purdon), (Supp. 1982–1983).

5. Commonwealth Exhibit C–2.

tion of his assessed sales tax liability is not a significant distinguishing factor.

Debtor alleged at the hearing that he is contesting the aforementioned tax assessments [6] and that the appointment of a trustee would not be in the best interests of creditors. Debtor produced three (3) witnesses who all testified to the debtor's reputation in the community for honesty. One of the witnesses claimed to be the debtor's largest unsecured creditor and testified that he would not extend additional credit to anyone other than the debtor. Although this testimony might carry great weight in a § 1104(a)(2) analysis, it is not convincing in a § 1104(a)(1) case. Sections 1104(a)(1) and 1104(a)(2) are distinct and separate grounds for the appointment of a trustee.

The Court is aware that the appointment of a trustee could have an additional financial burden on the already troubled debtor. However, the evidence produced by the Commonwealth dictates such an appointment under § 1104(a)(1). The Court will enter an Order appointing a trustee and direct the trustee to immediately investigate the financial affairs of the debtor.

6. The fact that the debtor is appealing the assessment does not suspend the Commonwealth right to collect the amount assessed. 72 Pa. Stat.Ann. § 5020–518.1 (Purdon) (1968).