**In re Robert C. EVANS, Jr., Debtor.**

**Bankruptcy No. 5–83–01936.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

Feb. 11, 1985.

Eric Borsheim, Austin, Tex., for debtor.

Kathryn Shane of Leonard & Shane, Uvalde, Tex., for First State Bank of Uvalde.

## MEMORANDUM OPINION

BERT W. THOMPSON, Chief Judge.

On the 17th day of December, 1984, came on for consideration in the above styled and numbered cause the Application of First State Bank of Uvalde (hereinafter "Bank") for Appointment of a Trustee. The movant

having appeared by and through its attorney of record, Kathryn Dodd Shane, and the respondent, Robert C. Evans, Jr., (hereinafter "Debtor") having appeared by and through his attorney of record, Eric Borsheim, and having heard the arguments and authorities of counsel, and having heard the evidence adduced at trial, and having considered the briefs in support of the parties' respective positions, and after due deliberation having been had, the Court hereby renders the following Memorandum Opinion in support of its finding that the Debtor has committed gross mismanagement in the supervision of the bankruptcy estate and that it is in the best interest of the creditors and other interests of the estate to appoint a trustee in accordance with 11 U.S.C. Sec. 1104(a)(1).

In that connection all Findings of Fact, made herein, may be considered Conclusions of Law, if appropriate. All Conclusions of Law, made herein, may be considered Findings of Fact, if appropriate. All Findings of Fact and Conclusions of Law not expressly made herein are deemed made in support of this Memorandum Opinion.

The facts relevant as revealed by the pleadings and the evidence may be summarized as follows:

On October 28, 1983, Robert C. Evans, Jr. filed a petition in bankruptcy under Chapter 11, Title 11, United States Code. The Debtor's principal business is ranching which he conducts on approximately 2,357 acres located in Zavala County, Texas. The Debtor received additional income as beneficiary of two spendthrift trusts, as well as income from oil and gas royalties and other partnership and realty interests. At the time of the filing of his petition the Debtor listed amounts owing to the movant, a secured creditor of the Debtor, as disputed. The Debtor also listed the unsecured claims of Central National Bank of San Angelo and Federal Land Bank of Wichita as disputed. These disputed claims arise out of the corporate indebtedness of Dockery & Collins, Inc., and are the subject of an adversary proceeding pending in this Court.

The Bank, movant herein, has requested the appointment of trustee under Section 1104(a)(1) of the Bankruptcy Code. As grounds for the placement of the Trustee in the stead of the Debtor-In-Possession, the Bank asserts incompetence and gross mismanagement on the part of the Debtor. In support of its allegations the Bank cites the Debtor's failure to file income tax returns for the past three (3) years, his failure to pursue several potentially preferential transfers and his failure to collect a substantial debt owed to the estate.

Section 1104 of the Bankruptcy Code provides for the appointment of a trustee in a Chapter 11 case at any time after the commencement of the case but before confirmation of the plan for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the debtor's affairs, or if the appointment of a trustee is in the best interest of creditors, equity security holders, and other interests of the estate. 11 U.S.C. Sec. 1104. The appointment of a trustee in a Chapter 11 case is an extraordinary remedy available to creditors of the debtor. *See, In re Hotel Associates, Inc.*, 3 B.R. 343, 345 (Bankr.E.D.Pa.1980). A strong presumption exists that the debtor should maintain control of the estate. In order to overcome this presumption, the movant bears the burden of providing by clear and convincing evidence the necessity for the appointment of a trustee. *See, In re Tyler*, 18 B.R. 574, 577 (Bankr.S.D.Fla. 1982).

In the case at bar the movant alleges incompetence and gross mismanagement of the bankruptcy estate as grounds for the appointment of a trustee. In every bankruptcy there exists a certain level of incompetence or mismanagement. As a result, the courts have required a finding of more than simple mismanagement or incompetence. *See, Matter of Anchorage Boat Sales, Inc.*, 4 B.R. 635 (Bankr.E.D.N.Y. 1980).

The Bank, the movant herein, alleges the debtor's failure to file federal income tax

returns for the past three (3) years as "cause" for the appointment of a trustee under Section 1104(a)(1). Section 6012(a)(9) of the Internal Revenue Code provides that every estate shall file a tax return if it has gross income in excess of $2,700.00. I.R.C. Sec. 6012(a)(9) (1984). The duty to file income tax returns is placed upon the fiduciary or trustee of the estate by Section 6012(b)(4) and (5) of the Internal Revenue Code. The Bankruptcy Code entrusts the debtor-in-possession with the same rights and responsibilities as those imposed upon the trustee therefore, the debtor-in-possession is responsible for filing the tax returns for the bankruptcy estate.

While it is clear that the Debtor has failed and refused to file tax returns for the estate for the past three years the question this Court must decide is whether such a chronic failure to file federal income tax returns constitutes gross mismanagement of the bankruptcy estate under Section 1104(a)(1).

This is a case of first impression in this Court. Other jurisdictions have dealt with the failure to file tax returns as grounds for the appointment of a trustee but only in the limited context of state sales tax returns. In that connection *In re Great Northeastern Lumber & Mill Work Corp.,* 20 B.R. 610 (Bankr.E.D.Pa.1982), held that the failure to file returns and pay taxes for the previous six (6) years was such gross mismanagement as to constitute "cause" for the appointment of a trustee under Section 1104(a)(1). By analogy, the Debtor's failure to file income tax returns for three (3) consecutive years despite specific notice from the I.R.S. that the debtor had a duty to file the necessary returns would constitute gross mismanagement of the bankrupt estate in light of the potential interest and penalties that may be levied against the estate on the taxes due and owing. As a result of the Debtor's failure to file his income tax returns, the unsecured creditors of the bankrupt estate are in jeopardy of receiving a substantially reduced dividend.

The Debtor argues that he is relieved of his duty to file his income tax returns because the amount of his tax liability is uncertain due to several disputed claims between the debtor and creditors of the estate. A dispute as to claims in a bankruptcy estate does not relieve the debtor of his duty to file returns and pay taxes. *See, In re Ristagno,* 27 B.R. 104 (Bankr.E.D.Pa. 1983).

The Debtor in this case at bar has a duty to file federal income tax returns. The Debtor has continuously failed and refused to fulfill this duty. The potential impact on the estate as a result of the Debtor's continued failure to perform his duties under the code is sufficient cause for the appointment of a trustee under Sec. 1104(a)(1).

■ Section 1104(a)(2) provides this Court with the statutory authority to employ its equitable powers in determining whether a trustee should be appointed. Section 1104(a)(2) allows the Court to look to what is in the best interest of the creditors, equity security holders and others with an interest in the estate. The factors to be considered when using this section are:

(1) The trustworthiness of the debtor;

(2) The reasons the debtor acted as he did;

(3) Reliance and harm to another party;

(4) Conclusive evidence of detriment to the estate;

(5) Possibilities of future rehabilitation.

*See, In re Tyler,* supra.

Applying these factors to the case at bar, it is evident that the appointment of a trustee is in the best interest of the estate. The trustworthiness of the Debtor to protect the interests of the estate is in doubt due to the Debtor's failure to perform his duty of filing federal income tax returns for the estate and his failure to investigate possible preferential transfers in the approximate amount of $346,562.32 made within the year preceeding the filing of the petition. The debtor has provided no legitimate reasons for his failure to perform his duties as provided under the Bankruptcy

Code. The potential harm to the unsecured creditors of the estate by reason of the Debtor's failure and refusal to file federal income tax returns coupled with the Debtor's refusal to collect outstanding debts owed to the estate or to investigate potential preferential transfers is conclusive evidence of detriment to the estate. Furthermore, there is little or no evidence that the Debtor is capable of a successful reorganization.

The final hurdle this Court must cross in determining whether the appointment of a trustee under Section 1104(a)(2) is in the best interest of the estate is whether the cost of the trustee would outweigh the protection provided to the estate. The legislative history of this section states that "the court may order appointment only if the protection afforded by a trustee would not be disproportionately higher than the value of the protection afforded." H.Rep. No. 95–595, 95 Cong. 1st Sess. (1977), U.S. Code Cong. & Admin.News. p. 5787; *In re P.A. Potts 7 Co., Inc.*, 20 B.R. 3 (Bankr.E. D.Pa.1981). It is apparent to this court that the protection and potential recovery for the estate through appointment of a trustee far outweighs the cost of the services to be rendered. The possible benefits to the estate include potential recovery of up to $346,000.00 in preferential payments, $185,000.00 in collection of debts owed to the estate, and protection from the possibility of the levy of further interest and penalties from the I.R.S.

For these reasons an order shall be entered appointing a trustee under 11 U.S.C. Section 1104 for the estate of Robert C. Evans, Jr.

### ORDER APPOINTING TRUSTEE

In accordance with the Findings of Fact and Conclusions of Law contained in the Court's Memorandum Opinion, it is

ORDERED, that Martin Seidler, a disinterested person, be and he hereby is appointed trustee of the property of the Debtor, and it is further

ORDERED, that said trustee qualify before five (5) days after the date hereof and before beginning official duties by filing with this Court a bond in the sum of $1,000.00 in favor of the United States conditioned on the faithful performance of such official duties, and it is further

ORDERED, that upon qualifying as aforesaid, the trustee shall operate and supervise the financial affairs of the Debtor, including the operation of the Debtor's business, for the duration of the time period in which the estate is under the jurisdiction of this Court unless otherwise ordered by this Court.