**In re AFCO DEVELOPMENT CORPORATION, Debtor.**

**Frank K. STUART, Trustee, Plaintiff,**

v.

**James H. PINGREE and George A. Miller, Defendants.**

**Bankruptcy No. 82C–00578.**

**Civ. P. No. 85PC–0795.**

United States Bankruptcy Court, D. Utah.

Aug. 22, 1986.

See also, Bkrtcy., 35 B.R. 512.

Roger G. Segal, Cohne, Rappaport & Segal, P.C., Salt Lake City, Utah, for plaintiff.

Lewis S. Livingston, Salt Lake City, Utah, for defendants.

GLEN E. CLARK, Bankruptcy Judge.

This matter came before the Court on the defendants' motion to dismiss the trustee's complaint to avoid an alleged preferential transfer from the debtor, Afco Development Corporation, to the defendants. The Court is called upon to decide whether a trustee appointed under Chapter 11 of the Bankruptcy Code, who is subsequently appointed to serve as Chapter 7 trustee upon conversion of the case, has two years after the date of his second appointment within which to commence a proceeding under Section 547 of the Code.

## FACTS AND PROCEDURAL BACKGROUND

The essential facts of this case are undisputed. On March 8, 1982 the debtor filed a petition for voluntary relief under Chapter 11. On April 20, 1982, Frank K. Stuart was appointed trustee pursuant to 11 U.S.C. § 1104. The case was converted to a case under Chapter 7 by order dated July 27, 1983. Stuart was appointed interim trustee on July 29, 1983 and on August 22, 1983 became permanent trustee pursuant to 11 U.S.C. § 702.

The trustee commenced this adversary proceeding to avoid an alleged preferential transfer to the defendants on July 26, 1985, some three years and three months after his initial appointment as Chapter 11 trustee, but three days short of two years following his second appointment as Chapter 7 trustee. On August 30, 1985, defendants filed a motion to dismiss the trustee's complaint on the ground that the two-year statute of limitations provided by Section 546(a) of the Bankruptcy Code begins to run from plaintiff's appointment as Chapter 11 trustee, and is not extended for two years following his appointment as Chapter 7 trustee. The parties presented oral argument on October 24, 1985, and the matter was taken under advisement. The Court now renders its decision as follows.

## DISCUSSION

The defendant argues that the trustee's action is untimely under Section 546(a) of the Bankruptcy Code, which provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or

(2) the time the case is closed or dismissed.

The trustee maintains that the action is timely because *each* trustee appointed under one of the sections enumerated under Section 546(a)(1) enjoys two years within which to commence avoidance actions. Essentially, the trustee is asking the Court to

determine that the words "a trustee" in § 546(a)(1) mean *each* trustee," while the defendant urges the Court to conclude that the words mean *"any* trustee." In this Court's view, the trustee's position is the correct one. The Court reaches its conclusion for two reasons, the first is historical and the second is based on policy.

### A. The Language and Legislative History of Section 546(a)

Prior to the enactment of Section 546(a), there was no separate statute of limitations for the trustee's avoiding powers. 4 COLLIER ON BANKRUPTCY ¶ 546.02[1], at 546–4.1 (15th ed. 1985). Section 11(e) of the Bankruptcy Act, former 11 U.S.C. § 29(e) (repealed) provided a general two-year statute of limitations for suits brought by the receiver or trustee:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applica-

ble Federal or State law, as the case may be.

Subsection (e) was added to Section 11 by the Chandler Act in 1938. Its purpose was "to extend to the trustee a fixed period within which he might file all suits which he ... inherited from the debtor unless it were the policy of the state to give him even a longer time." *McBride v. Farrington,* 60 F.Supp. 92, 95–96 (D.Ore.1945). *See* H.R.Rep. No. 1409, 75th Cong., 1st Sess. 22 (1937); S.Rep. No. 1916, 75th Cong., 3d Sess. 13 (1938).

In the leading case of *Herget v. Central National Bank & Trust Co.,* 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945), the Supreme Court held that where the trustee's claim arose under the Bankruptcy Act itself, as in the case of a voidable preference, the suit was governed exclusively by the two years prescribed by Section 11(e). Herget, the trustee of the estate of N.L. Rogers & Company, Inc., commenced an action under Section 60 of the Bankruptcy Act, former 11 U.S.C. § 96, to set aside and recover as a voidable preference certain payments totaling more than $300,000.00. Although the trustee's lawsuit was brought more than two years after the date of the adjudication in bankruptcy, an Illinois state statute of limitations permitted "all civil actions not otherwise provided for [to] be commenced within five years ... after the cause of action accrued." The district court dismissed the trustee's complaint, rejecting the trustee's argument that the state's five-year limitation was controlling since it fell within the provision of § 11(e) allowing suits "within such further time as the federal or state law may permit." The Court of Appeals affirmed. The Supreme Court concluded that the trustee could not look to statutes of limitations outside of the Bankruptcy Act for bringing suits arising under the Act itself. In affirming the lower courts, the Supreme Court reviewed the historical development of two-year statutes of limitations on suits by and against trustees, which began with the Bankruptcy Act of 1841. Such statutes, the Court wrote, "have long been integral parts of

our federal bankruptcy statutes." 324 U.S. at 5, 65 S.Ct. at 506.

Section 261 of the former Bankruptcy Act, 11 U.S.C. § 661 (repealed),[1] tolled the two-year statute of limitations provided in Section 11(e) of the Act during the pendency of a Chapter X reorganization. Under Chapter X a disinterested trustee was always appointed if the fixed and non-contingent debt was more than $250,000.00. *See generally In re Jeppson,* 66 B.R. 269, 282 (Bkrtcy.D.Utah 1986). A Chapter X trustee had standing to sue to recover preferences and commence other actions under the avoiding powers, but Section 261 recognized the possibility that either no such action would be taken or the pertinent facts would not be discovered before conversion to a liquidation case. 6A COLLIER ON BANKRUPTCY ¶ 15.01[1], at 824 (14th ed. 1977).

The precise issue facing this Court was raised before the Court of Appeals for the Ninth Circuit under the former Bankruptcy Act. In *Davis v. Security National Bank of Nevada,* 447 F.2d 1094 (1971), an involuntary petition was filed against the debtor, Midwest Livestock Commission Company, which was adjudicated a bankrupt on March 26, 1964. The debtor filed a petition under Chapter X on April 17. On June 9, 1965, the Chapter X case was dismissed and the original bankruptcy case was reinstated. An action to set aside a preference was commenced by the bankruptcy trustee on September 9, 1966, more than two years after adjudication but less than two years elapsed time if the period during the pendency of Chapter X was not included. The court applied Section 261 to suspend the operation of Section 11(e) during the Chapter X case. The court concluded that Section 261 was designed for two purposes: (1) for the protection of creditors; and (2) to preserve any action which might be undertaken by a subsequent bankruptcy trustee. Moreover, the court observed,

"there is nothing in the Act which even remotely suggests that the Chapter X trustee is *required* to exercise *all* of the powers of a general trustee in bankruptcy." 447 F.2d at 1097–98.

The bankruptcy reform bill proposed in 1973 by the Commission on the Bankruptcy Laws of the United States did not contain a statute of limitations, nor did Section 546 of H.R. 8200, as reported to the House Committee on the Judiciary. Section 546(a), in its present form, appeared originally as Section 546(c) of the Senate bankruptcy reform bill, S. 2266. The Senate report says very little about the two-year statute of limitations:

> Subsection (c) [later renumbered as subsection (a)] adds a statute of limitations to the use by the trustee of the avoiding powers. The limitation is two years after his appointment, or the time the case is closed or dismissed, whichever occurs later.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 87 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5873. The joint explanatory statement of the floor managers of the compromise bill notes only that Section 546(a) was derived from Section 546(c) of the Senate bill. 124 Cong.Rec. S 17,413–14 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec. H 11,097 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards).

While the avoiding powers of the bankruptcy trustee were completely rewritten by Congress in 1978, much is simply a restatement of existing law. Levin, *An Introduction to the Trustee's Avoiding Powers,* 53 Am.Bankr.L.J. 173, 198–99 (1979). Where Congress intended to make significant changes, as for example when it completely overhauled the preference section, it did so after much consideration and discussion. *See, e.g.,* Report of the Com-

---

1. Section 261 provided:

    All statutes of limitation affecting claims and interests provable under this chapter and the running of all periods of time prescribed by this Act in respect to the commission of acts of bankruptcy, the recovery of preferences, and the avoidance of liens and transfers shall be suspended while a proceeding under this chapter is pending and until it is finally dismissed.

mission on the Bankruptcy Laws of the United States, H.R.Doc. No. 93–137, 93d Cong., 1st Sess., Pt. I, at 201–11 (1973); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 177–79 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News, pp. 6138–40. The legislative history thus affords no basis for concluding that Congress intended to fundamentally change existing law with respect to limitations on avoidance power actions by trustees.

B. *Policy Reasons for Extending the Statute of Limitations Upon Conversion to Chapter 7*

█ Section 546(a) provides that an action or proceeding under Section 544 (rights derived from hypothetical judicial lien creditor), 545 (to avoid fixing of certain statutory liens), 547 (to avoid a preference), 548 (to avoid a fraudulent conveyance), or 553 (to recover when setoff is disallowed) may not be commenced after the *earlier* of two years after the appointment of a trustee and the time the case is closed or dismissed. This period applies only to actions by trustees, and not actions by others such as debtors in possession in Chapter 11 cases who perform the duties and exercise the functions of a trustee under Section 1107. P. Murphy, CREDITORS' RIGHTS IN BANKRUPTCY § 14.03, at 14–5 (1985). *See Matter of Silver Mill Frozen Foods, Inc.*, 23 B.R. 179, 181, 9 B.C.D. 786, 7 C.B.C.2d 443 (Bkrtcy.W.D.Mich.1982); *In re One Marketing Co.*, 17 B.R. 738, 739–40, 8 B.C.D. 917, 5 C.B.C.2d 1615 (Bkrtcy.S.D. Tex.1982); 4 COLLIER ON BANKRUPTCY ¶ 546.02[2], at 546–9 & n. 9 (15th ed. 1986). *Contra, In re Korvettes, Inc.*, 42 B.R. 217, 12 B.C.D. 117 (Bkrtcy.S.D.N.Y. 1984).

Section 546(a) expressly applies to a trustee appointed under "section 702, 1104, 1163, or 1302" of the Bankruptcy Code. Since appointment of interim trustees in Chapter 7 cases under Section 701 is not mentioned, courts have held that the two years does not begin to run until the permanent trustee is selected at the creditors' meeting pursuant to Section 702, but *not* from the later date when the trustee quali-

fies under Section 322(a). *See, e.g. In re Chequers, Ltd.*, 59 B.R. 177, 178, 14 B.C.D. 269 (Bkrtcy.W.D.Pa.1986); *In re Black & Geddes, Inc.*, 35 B.R. 827, 829 (Bkrtcy.S.D. N.Y.1983); *Matter of Killian Construction Co., Inc.*, 24 B.R. 848, 849, 9 B.C.D. 1171 (Bkrtcy.D.Idaho 1982). *Cf. Albrecht v. Robison*, 36 B.R. 913 (D.Utah 1983) (separate document rule requires that appointment of trustee be commenced by entry of an order of the court, not by minute entry of deputy clerk).

█ Defendants argue that an absolute two-year statute of limitations running from the appointment of the *first* trustee appointed in the case accords with sound policy considerations, namely, closing the door finally and unconditionally to litigation. *See Anderson v. Yungkau*, 329 U.S. 482, 486, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947). They point out that the prolongation of potential litigation by virtue of successive conversion runs contrary to this policy which underlies all statutes of limitations. This Court agrees that statutes of limitations are intended primarily to put potential defendants on notice of adverse claims so that they may preserve all available defenses, and to deter would-be plaintiffs from sleeping on their rights. *See Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2396, 76 L.Ed.2d 628 (1983). A statute of limitations should run against plaintiffs who are neglectful of their rights and fail to use reasonable and proper diligence in enforcing them. *See Equilease Corp. v. State Federal Savings & Loan Ass'n.*, 647 F.2d 1069, 1073 (10th Cir.1981). But in the bankruptcy context these considerations become somewhat attenuated. Recipients of preferences and fraudulent conveyances often face many years of uncertainty and potential liability. It is not uncommon for a Chapter 11 case to remain open for many years before it is converted to Chapter 7 and a trustee appointed. Further, a transferee has no assurance that confirmation of a plan of reorganization puts an end to the matter. Some plans take years to consummate, and if unsuccessful may result in conversion to

Chapter 7 pursuant to Section 1112(b)(7), (8), or (9).

Some causes of action have a relatively long limitations period because the law favors the kind of people who prosecute them. *DeMalherbe v. International Union of Elevator Constructors,* 449 F.Supp. 1335, 1341 (N.D.Cal.1978). In this Court's view, the Chapter 7 trustee, who is the permanent representative of the debtor's estate and a fiduciary for all those who have an interest in the distribution of the property of the estate, is entitled to a full two years from his or her appointment to commence avoidance power actions as provided by Section 546(a). The Chapter 7 trustee is the main administrator of the case. Her duties are formidable. *See* R. Aaron, BANKRUPTCY LAW FUNDAMENTALS § 4.04, at 4–9 (1986). To represent the estate, the trustee must uncover all property comprising the estate, protect the property of the estate, defend the legal rights and interests of the estate, preserve the value of property of the estate, liquidate the property of the estate, and distribute the proceeds to parties in interest. I. Sulmeyer, D. Lynn & M. Rochelle, COLLIER HANDBOOK FOR TRUSTEES AND DEBTORS IN POSSESSION ¶ 4.03, at 4–3 (1982).

The essentially different objectives of Chapters 7, 11, and 13 support the view that a later trustee should not be barred from exercising avoiding powers due to inaction by an earlier trustee. The purpose of Chapter 11 is the salvage and rehabilitation of a financially distressed business, not necessarily to recover voidable transfers. *See* BANKRUPTCY LAW FUNDAMENTALS, *supra* § 10.01[2], at 10–5. A Chapter 11 trustee may not have to litigate preference actions in every case. They may be dealt with in a plan of reorganization[2] by offsetting the creditor's preference against the dividend paid under the plan,[3] or may be compromised, settled, or abandoned.[4] A trustee is most often appointed in Chapter 11 where there has been fraud, dishonesty, incompetence or gross mismanagement by the current management of the debtor in possession. *See, e.g., In re Crescent Beach Inn, Inc.,* 22 B.R. 155, 159–60, 9 B.C.D. 496 (Bkrtcy.D.Me. 1982); *In re Great Northeastern Lumber & Millwork Corp.,* 20 B.R. 610, 611, 9 B.C.D. 425 (Bkrtcy.E.D.Pa.1982); *In re L.S. Good & Co.,* 8 B.R. 312, 314–15, 7 B.C.D. 103 (Bkrtcy.N.D.W.Va.1980). The powers and duties of a Chapter 11 trustee are extensive. *Commodity Futures Trading Comm. v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985).

In reorganization cases, the trustee's duties and powers give him a presence and a role to play in shaping the entire reorganization process. It is this role which involves experience, discretion, judgment, diplomacy and creativity which makes the chapter 11 trustee's position substantially different from that of a chapter 7 trustee.

In addition to the orthodox duties and powers to identify, locate, and possess property of the estate and the powers to compel turnover of such property, the powers to use, sell or lease property, and the avoiding powers, the chapter 11 trustee has the power to formulate and propose the plan of reorganization and the disclosure statement and in connection therewith, the obligation to negotiate with the creditors' committee relative to such plan.

COLLIER HANDBOOK FOR TRUSTEES AND DEBTORS IN POSSESSION, *supra* ¶ 16.01, at 16–1.

The powers and duties of a Chapter 7 trustee overlap those of a Chapter 11 trustee to some extent. The Chapter 7 trustee may continue the operation of the debtor's business with court approval for a

---

**2.** *In re One Marketing Co., Inc.,* 8 B.C.D. at 918. *See Matter of Silver Mill Frozen Foods, Inc.,* 9 B.C.D. 786, 789–90 (Bkrtcy.W.D.Mich.1982). *See also* P. Murphy, CREDITORS' RIGHTS IN BANKRUPTCY § 10.23, at S–36 (1985 Cum. Supp.)

**3.** *See Page v. Rogers,* 211 U.S. 575, 581, 29 S.Ct. 159, 161, 53 L.Ed. 332 (1909).

**4.** *See In re Independent Clearing House Co.,* 41 B.R. 985, 992–93 n. 10 (Bkrtcy.D.Utah 1984).

limited period if it is in the best interest of the estate and consistent with the orderly liquidation of the estate to do so. 11 U.S.C. § 721. But when a case is converted to Chapter 7, the Bankruptcy Code recognizes that the attempt to preserve the debtor's going-concern value and keep the assets of the estate working for the benefit of creditors has failed. *See United States v. Paul Hardeman, Inc.,* 260 F.Supp. 723, 726 (M.D.Fla.1966). The Chapter 7 trustee's principal duty is to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interest of creditors. 11 U.S.C. § 704(1); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 379 (1977), *reprinted in* U.S.Code Cong. & Admin.News, p. 6335; S.Rep. No. 95–989, 95th Cong., 2d Sess. 93 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, p. 5879. If the trustee fails in this duty to collect estate assets he may be charged with the value of the assets which never came into his possession. *See generally* Tiller, *Personal Liability of Trustees and Receivers in Bankruptcy,* 53 Am.Bankr.L.J. 75, 91 (1979).

In contrast, the basic purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of that individual's debts over an extended period. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 118 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News, p. 6079.

The functions and duties of a Chapter 13 trustee are primarily administrative in nature. *In re Ciavarella,* 28 B.R. 823, 827 (Bkrtcy.S.D.N.Y.1983). *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 139 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin. News, p. 5925. Although the Chapter 13 trustee is the representative of the estate with the capacity to sue and be sued,[5] and not a mere disbursing agent,[6] experience has shown that Chapter 13 trustees seldom exercise avoiding powers for the estate. *Cf. In re Ciaverella,* 28 B.R. at 823; *In re Walls,* 17 B.R. 701, 704 (Bkrtcy.S.D.W.Va. 1982). Under the defendants' interpretation of Section 546(a), if a Chapter 13 trustee failed to exercise the avoiding powers, a subsequent trustee and the creditors of the estate would be seriously prejudiced in a superseding Chapter 7 case.[7]

█ Litigants and the legal system have a common interest in easily stated, easily applied rules of procedure. Bright line rules save the time of the parties and the courts for the merits of the disputes; they tell the parties what they must do to protect their rights. *Smith v. City of Chicago,* 769 F.2d 408, 411 (7th Cir.1985). In this Court's view, the language, purpose and relevant legislative history of Section 546(a) provide each trustee appointed under the enumerated provisions two years within which to commence avoidance actions.[8]

---

**5.** 11 U.S.C. §§ 103(a) and 323.

**6.** S.Rep. No. 95–989, 95th Cong., 2d Sess. 139 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, p. 5925; Lee, *Chapter 13 nee Chapter XIII,* 53 Am.Bankr.L.J. 303, 310 (1979).

**7.** In contrast to the ambiguous language of Section 546(a), Congress designed one avoiding power with a statute of limitations which is not dependent upon the date of a trustee's appointment. Section 549, governing actions to set aside unauthorized postpetition transfers, has its own statute of limitations. Pursuant to Section 549(d), an action to avoid a postpetition transaction may not be commenced after the *earlier* of two years after the date of the transfer and the time the case is closed. Thus, inaction by a Chapter 11 debtor in possession or trustee, or by a Chapter 13 trustee, will always operate against the trustee in a superseding Chapter 7 case.

**8.** This interpretation finds additional support from a well-known bankruptcy practice manual:

> Conversion of a case from a chapter 11 to either a chapter 7 or 13 case, with the appointment of a chapter 11 trustee, affects the time to bring suits to avoid certain transfers. A trustee may commence suits to avoid transfers for two years from the date of appointment under sections 702 or 1104.
>
> If a chapter 11 trustee has not commenced a preference suit, for example, and the time to commence such suit has expired, conversion to chapter 7 may salvage the cause of action for the benefit of the creditors. The conversion may be the only method by which the cause of action which would otherwise be time barred can be revived.

2 COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 37.03[9], at 37–13 (1985) (footnote omitted).

■ Accordingly, this Court holds that the trustee's claims are not time-barred under Section 546(a). Defendants shall file an answer to the trustee's complaint within 10 days. The trustee shall schedule with the clerk and give notice of a preliminary scheduling conference in this proceeding within 30 days. Counsel for the trustee shall prepare and submit a form of order consistent with the foregoing pursuant to Local Rule 13.