In re SANDRA COTTON, INC., Debtor.

Robert P. STRELL, Plaintiff,

v.

Charles H. WESTON and Alice Weston, Defendants.

Bankruptcy No. 84–12210 C.
Adv. No. 87–1360 C.

United States Bankruptcy Court,
W.D. New York.

July 26, 1988.

Jack L. Getman, Buffalo, N.Y., for trustee/plaintiff.

Corey J. Hogan, Lockport, N.Y., for defendants.

# 596

JOHN W. CREAHAN, Bankruptcy Judge.

Sandra Cotton, Inc., filed its petition for relief under Chapter 11 of the Bankruptcy Code on December 14, 1984. On January 17, 1985, an order was entered appointing Robert P. Strell trustee in the Chapter 11 case pursuant to section 1104 of the Code. 11 U.S.C. § 1104. Thereafter, on January 14, 1986, the case was converted to Chapter 7, and Mr. Strell was appointed interim trustee under section 701(a) of the Code. 11 U.S.C. § 701(a). On April 16, 1986, the date of the section 341 meeting, Strell became trustee as provided for by section 702(d) of the Code. 11 U.S.C. § 702(d).

On December 17, 1987, Mr. Strell filed his complaint in the above-referenced adversary proceeding against the defendants, Charles H. Weston and Alice Weston. The complaint sets forth two alternative causes of action for a fraudulent conveyance. A third cause of action demands the turnover of what is alleged to be property of the estate. 11 U.S.C. § 542.

■ The adversary proceeding is presently before the court on the defendants' motion to dismiss the first two causes of action as time-barred by the limitation provided for in section 546(a)(1) of the Bankruptcy Code. 11 U.S.C. § 546(a)(1). The defendants argue further that the third cause of action should be dismissed for laches. With respect to the third cause of action, the papers submitted do not in any manner give indication that the doctrine of laches should be invoked against the plaintiff. "The underlying basis of the defense of laches is that the plaintiff has unreasonably and inexcusably delayed to the prejudice of the defendant and by doing so has worked a disadvantage or injury to the defendant." 36 NY Jur., Limitations and Laches § 158. Delay alone does not constitute prejudice.

■ Section 546(a) of the Bankruptcy Code imposes time limitations on a trustee's exercise of his powers of avoidance. Section 546(a) teaches as follows:

Limitations on avoiding powers

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier or—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

Defendants maintain that under the plain language of the statute, the two year period commenced when Mr. Strell was appointed trustee in the Chapter 11 case, under the provisions of section 1104 of the Code, on January 17, 1985. Under the defendants' reading of the section, the trustee's complaint filed December 17, 1987, would be time barred. The trustee, on the other hand, maintains that the reference in section 546(a)(1) to an appointment under section 702 indicates that the statute runs from the date Strell was appointed trustee in the Chapter 7 case. If the time commences with the later appointment, the complaint is timely.

As authority for the trustee's position, he cites *Stuart v. Pingree* (In re Afco Development Corp.), 65 B.R. 781 (Bankr.D.Utah 1986). The *Afco* case is on all fours with that sub judice. In *Afco*, the Bankruptcy Court held that the trustee, initially appointed under Chapter 11 and thereafter appointed the Chapter 7 trustee when the case was converted, had two years after the date of his second appointment within which to commence a preference action.

The court, in *Afco*, reviewed and found little of note in the legislative history of section 546(a). 65 B.R. at 784. On somewhat thin evidence, the court concluded that Congress did not intend to change prior law with respect to limitations on avoidance actions by the trustee. 65 B.R. at 785. The court then resorted to an exposition of "Policy Reasons for Extending the Statute of Limitations Upon Conversion to Chapter 7." It is pointed out that section 546(a) applies only to trustees and not to debtors. 65 B.R. at 785. This, of course, is true, but is somewhat beside the point. The opinion then discussed at what point in the proceedings the Chapter 7 trustee is "appointed." 65 B.R. at 785.

Finally, it appears that the *Afco* court concluded that a Chapter 11 trustee plays a markedly different role in a case than a Chapter 7 trustee, the former concerned with salvage and rehabilitation, the latter with liquidation. 65 B.R. at 786. Based upon this tenet, a few other beliefs, and a completely offhand and unsupported remark in 2 *Collier Bankruptcy Practice Guide*, the court then concluded that each trustee appointed under the sections enumerated in section 546(a) should have two years within which to commence an action. 65 B.R. at 787 & n. 8.

To the extent that the Afco court relies on the pre code case of *Davis v. Security National Bank of Nevada*, 447 F.2d 1094 (9th Cir.1971), as support for its judicial interpretation, that reliance is misplaced. In the *Davis* case, the two year provision of section 11e of the Bankruptcy Act of 1898 (11 U.S.C. § 29 e) was specifically tolled by the provisions of Section 261 of the Act (11 U.S.C. § 661), while proceedings were pending under chapter X. There is no comparable provision in the Code.

In 1917, the Supreme Court stated:

It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms. *Caminetti v. United States*, 242 U.S. 470, 485 [37 S.Ct. 192, 194, 61 L.Ed. 442] (1917).

The Second Circuit more recently held: [W]hen the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words. *United States v. Holroyd*, 732 F.2d 1122, 1125 (2d Cir.1984).

There is nothing in the legislative history indicating that section 546(a)(1) means anything more or anything less than what it says. In this court's reading, it says simply that the appointment of a trustee under *any* of the enumerated sections commences a two year period within which certain actions may be commenced. When that two years expires, it is implicit that the time to commence those actions is over, unless the case is earlier dismissed or closed.

With all due respect, this Court cannot travel the tortured route chartered by the court in *Afco*, to contradict the plain unequivocal language of section 546(a). The *Afco* reasoning, followed to its logical conclusion, could extend the statute to six and possibly even more years in time while a debtor traipsed through the various chapters of the Code which might be available to it. While not unaware of variances in trustee activities under the several chapters in which they may be appointed, their obligations are more similar than dissimilar.

The scenario played out under *Afco* would contradict the basic doctrine which gives rise to statutes of limitation. They are designed to assure fairness to defendants and to assure that the right to be free of stale claims in time comes to prevail over the right to prosecute them. See *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

It is clear that a Chapter 11 trustee who commences a fraudulent conveyance action more than two years after his appointment under section 1104 would experience dismissal of his suit on a proper motion by the defendant. If the underlying case were thereafter converted to one under Chapter 7 and if the logic of the *Afco* decision and the argument of the plaintiff were to prevail, that same trustee reappointed in the Chapter 7 cases could thereafter reinstitute his suit and affect a reversal of the previous dismissal. A result as illogical as this should be clearly provided for by Congress. It has not been.

The motion addressed to the first and second causes of action is granted. The first and second causes of action are dismissed. The motion is denied as to the third cause of action.