In re D–MART SERVICES, INC., dba Buy–It–Wholesale, Inc. and Estate Realty, Inc., dba Fiscus, Inc., Debtors.

Duane H. GILLMAN, Trustee, Plaintiff,

v.

SWIRE PACIFIC HOLDINGS, INC., dba Coca–Cola Bottling Company of Salt Lake City, Inc., Defendant.

Duane H. GILLMAN, Trustee, Plaintiff,

v.

SPRECKELS SUGAR COMPANY, INC., Defendant.

Bankruptcy Nos. 87C–06702, 87C–06734. Adv. Nos. 90PC–0524, 90PC–0551.

United States Bankruptcy Court, D. Utah.

April 7, 1992.

Janet A. Goldstein, McDowell & Gillman, Salt Lake City, Utah, for trustee.

Robert B. Lochhead, Kimball, Parr, Waddoups, Brown & Gee, Salt Lake City, Utah, for Swire.

Mark F. James, Kimball, Parr, Waddoups, Brown & Gee, Salt Lake City, Utah, for Spreckels.

## AMENDED MEMORANDUM OPINION AND ORDER

GLEN E. CLARK, Chief Judge.

The matters presently before the court involve the adversary proceedings styled *Gillman v. Swire Pacific Holdings, Inc. (In re D–Mart Serv., Inc.)*, No. 90PC–0524, and *Gillman v. Spreckels Sugar Co. (In re D–Mart Serv., Inc.)*, No. 90PC–0551. Both proceedings have been commenced by the Chapter 7 trustee, Duane H. Gillman, Esq. (trustee), in an attempt to recover certain monies pursuant to § 547(b) that D–Mart Services, Inc. (debtor)[1] allegedly transferred to the respective defendants. In the *Swire* matter, the trustee and the defendant have filed cross motions for partial summary judgment; and the defendant has filed a motion to dismiss the trustee's complaint. The defendant in the *Spreckels* matter has moved for summary judgment. A hearing on the *Swire* matter was had on May 8, 1991, and a hearing on the *Spreckels* matter was had on July 10, 1991. Counsel presented argument at both hearings. The court took both matters under advisement to address the issue of whether the respective proceedings are time barred pursuant to 11 U.S.C. § 546(a).[2] Having made an independent review of the pleadings, the arguments of counsel, and other pertinent authorities, the court now renders the following decision, holding that the proceedings are not barred under § 546(a).

On December 29, 1987, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. For approximately seven months thereafter the debtor operated its business as a debtor in possession until its case was converted to a case under Chapter 7 of the Code on July 12, 1988, and the trustee was appointed. On July 11, 1990, the trustee filed separate complaints against the defendants seeking to avoid several transfers that the debtor had allegedly made to them, pursuant to § 547(b). The defendants have asserted that § 546(a)(1) bars the trustee from asserting his preference actions against them because they were commenced well past two years after the filing of the debtor's bankruptcy case. For the reasons stated herein, the court rejects the defendants' argument.

Section 546(a) states:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

While on its face § 546(a)(1) appears to specifically bar actions brought two years after the *appointment* of a trustee, the Tenth Circuit recently applied this section to debtors in possession. In *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir.1990), the court stated that "Congress intended for the word 'trustee' to apply to a debtor in possession...." and, therefore, held that a debtor in possession who did not initiate actions under § 544(a)(1) and 548 within two years of the commencement of the Chapter 11 case was barred under § 546(a) from so doing.

Asserting the rule in *Zilkha*, the defendants claim that a debtor in possession is required to initiate avoidance actions within two years after the filing of its case and, therefore, a subsequently appointed trustee is bound within that time period. The court disagrees with the defendants, finding that the holding in *Zilkha* is not that broad. The sole question in that case was

---

1. D–Mart's bankruptcy case was consolidated with the bankruptcy case filed by Estate Realty, Inc. Estate Realty was not a party to the transactions involved in these proceedings and, therefore, the court's reference to "the debtor" is to D–Mart only.

2. All future statutory references are to title 11 of the United States Code unless specifically indicated otherwise.

"whether a debtor in possession [was] subject to the same two-year statute of limitations as an appointed trustee." *Id.* at 1524. The Tenth Circuit did not limit the ability of a subsequently appointed Chapter 7 trustee to commence avoidance actions two years after his appointment. In fact, the court specifically recognized that the appointment of a trustee is distinguishable from the debtor in possession scenario and reserved ruling on the issue. In particular, the court stated:

> We take *no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. See Boatman v. E.J. Davis Co.,* 49 B.R. 719 (Bankr.D.Conn.1985). While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises.

*Id.* at 1524 n. 11 (emphasis added).

The circumstances that the Tenth Circuit recognizes as "distinguishable" were recognized by this court in *Stuart v. Pingree (In re Afco Develop. Corp.),* 65 B.R. 781 (Bankr.D.Utah 1986). In that case, the Chapter 11 debtor operated as a debtor in possession for approximately one month until a Chapter 11 trustee was appointed pursuant to § 1104. Approximately one year and three months later, the case was converted to a case under Chapter 7 of the Code, and the Chapter 11 trustee was appointed as the Chapter 7 trustee. Just short of two years from his appointment as the Chapter 7 trustee, the trustee filed an adversary proceeding pursuant to § 547 seeking to recover certain alleged voidable transfers from the defendants. The defendants moved to dismiss the trustee's complaint, claiming that § 546(a)(1) barred the action inasmuch as the two year statute of limitations had begun to run when the Chapter 11 trustee was appointed.[3] De-

fending the timeliness of his complaint, the trustee in *Afco* claimed that the words "appointment of a trustee" in § 546(a)(1) were properly construed to mean that the statute of limitations should run from the appointment of "each trustee," as opposed to the defendants' argument that it should run from the appointment of "any trustee." *Id.* at 783. Agreeing with the trustee, the court held that the complaint was not time barred because "the language, purpose and relevant legislative history of Section 546(a) provide each trustee appointed under the enumerated provisions two years within which to commence avoidance actions." *Id.* at 787 (footnote omitted). In light of *Zilkha,* the court believes that it would be helpful to reiterate the rationale stated in the *Afco* opinion.

In *Afco,* the court compiled a comprehensive analysis of the predecessors to § 546(a) under the Act. In particular, the court looked to Bankruptcy Act § 11(e), 11 U.S.C. § 29(e) (repealed), which provided a two-year statute of limitations for actions brought by a receiver or trustee. According to the court, the purpose of that section was " 'to extend to the trustee a fixed period within which he might file all suits which he ... inherited from the debtor....' " *Id.* at 783 (quoting *McBride v. Farrington,* 60 F.Supp 92, 95–96 (D.Ore. 1945), and citing H.R.Rep.N. 1409, 75th Cong., 1st Sess. 22 (1937); S.Rep. No. 1916, 75th Cong., 3d Sess. 13 (1938)). The court also pointed to Bankruptcy Act § 261, 11 U.S.C. § 661 (repealed), which tolled the two-year statute of limitations provided in § 11(e) during the pendency of a Chapter X reorganization. Under Chapter X of the Act, a disinterested trustee was appointed if the debtor's fixed and non-contingent debt was more than $250,000.00. The court recognized that courts and commentators had recognized that the duties of a

---

**3.** In *Afco,* this court did not consider the problem that was presented in *Zilkha;* namely, whether a debtor in possession would be barred from commencing a preference action if it did not do so within two years from its appointment, or, as was interpreted by that court, the commencement of the case. In dicta, the court in *Afco,* 65 B.R. at 785, stated that the § 546(a) limitation period applies only to actions by

trustees, and not actions by "others such as debtors in possession in Chapter 11 cases who perform the duties and exercise the functions of a trustee under § 1107." *Zilkha* overrules that dicta. In striking that language from the *Afco* opinion, however, the logic of that opinion is in no way affected and, therefore, the rule from that case is still viable.

Chapter X trustee did not compel it to commence preference actions against creditors and that there was a good chance that such actions would not be commenced by a reorganizing trustee. *Id.* at 784 (citing *Davis v. Security Nat'l Bank,* 447 F.2d 1094, 1097–98 (9th Cir.1971); 6A COLLIER ON BANKRUPTCY ¶ 15.01[1], at 824 (14th ed. 1977)). Thus, according to the court, § 261 "was designed for two purposes: (1) for the protection of creditors; and (2) to preserve any action which might be undertaken by a subsequent bankruptcy trustee." *Id.* (citing *Davis,* 447 F.2d at 1094). Drawing from these sections and their history, the court in *Afco* concluded that under the Bankruptcy Act every trustee that was appointed was afforded two years from the date of his appointment in which to commence certain actions. Because the legislative history of § 546(a)(1) is so sparse, the court went on to hold that the drafters of the Code had simply adopted the law as it existed under the Act.

The court's next point of analysis in *Afco* was that a subsequently appointed Chapter 7 trustee's ability to marshall the debtor's assets and fairly allocate them to the creditors would be significantly impaired if § 546(a) were to start the statute of limitations period to run from the time of the appointment of a Chapter 11 trustee. In particular, the court noted that:

The essentially different objectives of Chapter 7, 11, and 13 support the view that a later trustee should not be barred from exercising avoiding powers due to inaction by an earlier trustee. The purpose of Chapter 11 is the salvage and rehabilitation of a financially distressed business, not necessarily to recover voidable transfers. *See* BANKRUPTCY LAW FUNDAMENTALS, [ ] § 10.01[2], at 10–5 [ (1986) ]. A Chapter 11 trustee may not have to litigate preference actions in every case. They may be dealt with in a plan of reorganization by offsetting the creditor's preference against the dividend paid under the plan, or may be compromised, settled, or abandoned. A trustee is most often appointed in Chapter 11 where there has been fraud, dishonesty, incompetence or gross mis-

management by the current management of the debtor in possession....

In reorganization cases, the trustee's duties and powers give him a presence and a role to play in shaping the entire reorganization process. It is this role which involves experience, discretion, judgment, diplomacy and creativity which makes the chapter 11 trustee's position substantially different from that of a chapter 7 trustee.

In addition to the orthodox duties and powers to identify, locate, and possess property of the estate and the powers to compel turnover of such property, the powers to use, sell or lease property, and the avoiding powers, the chapter 11 trustee has the power to formulate and propose the plan of reorganization and the disclosure statement and in connection therewith, the obligation to negotiate with the creditors' committee relative to such plan.

COLLIER HANDBOOK FOR TRUSTEES AND DEBTORS IN POSSESSION, [ ] ¶ 16.01, at 16–1 [ (1982) ]. ...

[W]hen a case is converted to Chapter 7, the Bankruptcy Code recognizes that the attempt to preserve the debtor's going-concern value and keep the assets of the estate working for the benefit of creditors has failed. ... The Chapter 7 trustee's principal duty is to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interest of creditors. ... If the trustee fails in this duty to collect estate assets he may be charged with the value of the assets which never came into his possession. ...

In contrast, the basic purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of that individual's debts over an extended period. ... Although the Chapter 13 trustee is the representative of the estate with the capacity to sue and be sued, and not a mere disbursing agent, experience has shown that Chapter 13 trustees seldom exercise avoiding powers for the estate.

*Afco,* 65 B.R. at 786–87 (footnotes omitted). *See also Nichols v. Wood (In re Wood),* 113 B.R. 253, 255 (S.D.Miss.1990) (recognizing that "[a]lthough the courts are split on the issue, the weight of authority holds that the two-year limitation period commences anew when a Chapter 7 trustee is appointed after a conversion from another Chapter.")

The facts in the present case make the policy espoused in *Afco* even more convincing. In *Afco* the Chapter 11 trustee took over management of the case approximately one month after it had been commenced, and that same person was later appointed as the Chapter 7 trustee. As the court recognized, the trustee's focus while the case was in Chapter 11 was different than when it was in Chapter 7; nevertheless, the same person was in control of the case from its inception. On the other hand, the debtor in this case operated its business as a debtor in possession for seven months, whereupon the case was converted and the trustee was appointed. The trustee was required to familiarize himself with this rather large case, analyze claims, and file complaints all within a relatively short period of time. If the limitations period were to run from the time that the debtor had filed its petition, the trustee's duty to marshall the assets of the estate would have been extremely difficult and ultimately would have worked against the interests of creditors.[4]

Accordingly, the court holds that when a trustee is appointed under Chapter 7 of the Code, the trustee has two years from the trustee's appointment to initiate a cause of action under § 547(b) or any of the other sections enumerated in § 546(a).

IT IS HEREBY ORDERED that these proceedings are not time barred under § 546(a). Swire's motion to dismiss and Spreckels' motion for summary judgment in this regard are therefore DENIED.

---

**4.** The court notes, too, that extending *Zilkha* could result in the § 546(a)(1) limitations period actually running prior to the appointment of the Chapter 7 trustee in a converted case, a result obviously not intended or specified by the Code.