**In re NELSON CO., Debtor.**

**Arthur P. LIEBERSOHN,
Trustee, Plaintiff,**

v.

**RENTAL TOOLS/EQUIPMENT,
Defendant.**

**Bankruptcy No. 89–12080 DWS.
Adv. No. 93–0916.**

United States Bankruptcy Court,
E.D. Pennsylvania.

May 31, 1994.

Bernadette McGinley, Philadelphia, PA, for plaintiff/trustee.

Arthur P. Liebersohn, Philadelphia, PA, Chapter 7 Trustee.

Keith N. Leonard, Philadelphia, PA, for defendant.

Joseph Minni, United States Trustee, Philadelpia, PA.

### OPINION

DIANE WEISS SIGMUND, Bankruptcy Judge.

Before the Court is the Motion for Judgment on the Pleadings (the "Motion") filed by the defendant Rental Tools/Equipment ("Defendant"). The Motion requires the Court to decide an issue expressly reserved by the Third Circuit Court of Appeals in its recent decision *Construction Management Services, Inc. v. Manufacturers Hanover Trust Company (In re Coastal Group Inc.)*, 13 F.3d 81 (3d Cir.1994). *Coastal Group* held that the limitations period in § 546(a)(1) of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 546(a)(1), for commencing an action or proceeding under Code §§ 544, 545, 547, 548 or 553 applies to debtors-in-possession. *Id.* at 83. In *Coastal Group*, the debtor continued to serve as debtor-in-possession throughout the case; no trustee was appointed. The Court stated that "[w]e do not need to reach the question whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings." *Id.* n. 7. This is the precise question that we must resolve now.

### BACKGROUND

On June 5, 1989, Nelson Company (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On or about December 9, 1991, the Bankruptcy Court entered an Order converting the Debtor's Chapter 11 case to a case under Chapter 7.[1] An Interim Trustee was appointed on January 2, 1992.[2] On or about December 13,

---

1. The bankruptcy case No. 89–12080 was assigned to the docket of the Honorable Bruce I. Fox who entered the Order converting the case. On November 19, 1993 the case was transferred to the docket of the Honorable Diane W. Sigmund as part of the case reassignment program implemented upon the appointment of two new bankruptcy judges in the Eastern District of Pennsylvania.

2. Colleen Holt, the first Interim Trustee was replaced by Steven Raslavich on April 16, 1993. When Judge Raslavich was appointed to the bench of this Court, he resigned and Arthur Liebersohn was appointed. A trustee was not

1993, Arthur Liebersohn, Trustee of Nelson Co. (the "Trustee") filed a Complaint against Defendant seeking avoidance and recovery of a payment to Defendant of $4,924.89 pursuant to Code §§ 547 and 550. On March 18, 1994, Defendant filed an Answer raising, *inter alia*, as an affirmative defense the bar of the statute of limitations of § 546.

On March 22, 1994, the parties were before the Court on the Trustee's Motion for Default Judgment which was at that time withdrawn by the Trustee. At that time, they also advised the Court that further proceeding in this matter turned on the answer to the question left open by the Third Circuit Court of Appeals in *Coastal Group*. As a result, this Court entered an order on March 22, 1994 directing the Defendant to file the Motion *sub judice* and establishing a briefing schedule. The parties' compliance therewith renders this matter ripe for decision.

### DISCUSSION

Section § 46(a) sets the time limits for commencement of an adversary proceeding to avoid and recover a preference under §§ 547 and 550. That section provides:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

Prior to the decision in *Coastal Group*, it was generally believed in this district that § 546(a) only applied to a trustee. Obviously if that were true, then the statute would begin to run upon the appointment of that trustee as Code § 546(a)(1) literally states and there would be no issue here since an Interim Trustee was first appointed on January 2, 1992 and the Complaint was filed on

elected and pursuant to § 702, the interim trustee serves as the trustee in the case.

**3.** A recent and comprehensive survey of the myriad judicial decisions construing § 546(a) is set forth in *Reese v. First Tennessee Bank, N.A. (In re Brook Meade Health Care Center, Inc.)*, 165 B.R. 195 (Bankr.M.D.Tenn.1994).

December 13, 1993, well before the expiration of the two year period. When the Third Circuit Court of Appeals held that the statute of limitations applied to the debtor-in-possession, a question arose as to the effect that the running of that statute would have on a trustee appointed upon conversion of the Chapter 11 case to a case under Chapter 7. Would the two year period begin to run anew or would the elapsed time be tacked on for the purposes of calculating the two years? If the former is the law, the Trustee has timely filed his Complaint. If the latter is the law, then the Trustee is time barred because the petition was filed in this case on June 5, 1989.

While an issue of first impression in this district, this question has been addressed on these facts as well as certain variations thereof by numerous courts.[3] Accordingly, a survey of the case law is an appropriate back drop for this decision. We can envision four different solutions to this problem:

(1) At one end of the spectrum is the view that the statute of limitations runs anew for each trustee or trustee equivalent without regard to a conversion of the case. No court appears to embrace this position which runs counter to the notion that statutes of limitation are intended to impose finality and repose.

(2) While also running counter to the notion of a statute of limitations conferring repose, there is nonetheless a large number of cases that hold that the statute begins to run anew upon the conversion of a case and the appointment of a trustee in the converted case. *Amazing Enterprises v. Jobin (In re M & L Business Machines)*, 153 B.R. 308 (D.Col.1993)[4]; *McCuskey v. FBS Leasing Corp., et al. (In re Rose Way, Inc.)*, 160 B.R. 811 (S.D.Iowa 1993); *Nichols v. Wood (In re Wood)*, 113 B.R. 253 (S.D.Miss.1990)[5];

**4.** This case was filed as a voluntary "Chapter 7 on October 1, 1990 and converted "shortly thereafter" to Chapter 11 before reconversion on September 26, 1991. *Id.* at 310. The district court ignored the appointment of a Chapter 7 trustee in the first Chapter 7 case.

**5.** This case began as a Chapter 7 and was subsequently converted to Chapter 13 before its ultimate return journey to Chapter 7. The district

*Smith v. Moody (In re Moody),* 77 B.R. 566 (S.D.Tex.1987), *aff'd,* 862 F.2d 1194 (5th Cir. 1989), *cert. denied,* —— U.S. ——, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992); *Philip Martino v. Assco Associates, Inc. (In re SSS Enterprises, Inc.),* 145 B.R. 915 (Bankr.N.D.Ill. 1992); *Zeisler v. Connecticut Bank & Trust (In re Grambling),* 85 B.R. 675 (Bankr. D.Conn.1988); *Stuart v. Pingree (In re Afco Development Corp.),* 65 B.R. 781 (Bankr. D.Utah 1986). Certain of these cases so hold even where the new case trustee is the same individual as the old case trustee. *See, e.g., M & L Business Machines; SSS Enterprises; Afco.* The rationale for these holdings is well articulated by the decision in *SSS Enterprises,* where the Court held that each trustee appointed under a different chapter of the Code has a fresh two-year period in which to bring an avoidance action, with the limitation period beginning to run when a permanent trustee is elected. The Court was persuaded by the policy argument that each trustee appointed under a different provision of the Code has a different perspective as to whether to pursue an avoiding action and should not be hindered by the inaction of the prior trustee. *See also, Afco,* 65 B.R. at 786–87.

While cognizant of the significant number of courts that share this view and the variances in trustee activities under the different chapters of the Code, we do not agree that conversion of a case is the dispositive event for the measurement of the statute of limitations of § 546(a). In the first place, we cannot square that conclusion with the plain language of the statute which says nothing about conversion of the case. What the statute refers to is the appointment of a trustee under §§ 702, 1104, 1163 or 1202. Such appointment may occur on the conversion of a case but it need not. Oftentimes, a trustee is appointed in a Chapter 11 case where there has been fraud, dishonesty, incompetence or gross mismanagement. Code § 1104(a)(1). Application of this approach could result in the conferring of three two year periods—a period for the debtor-in-possession, one for the Chapter 11 trustee and one for the Chapter 7 trustee.

We fail to discern any overriding policy considerations for ignoring the plain language of the statute. While it is true that conversion of a case often signifies a new direction for the debtor, again it may not. For example, conversion from a liquidating Chapter 11 with an independent Chapter 11 trustee at the helm to a Chapter 7 case does not signify a change in motivation with regard to avoiding actions. Where conversion clearly does signify a change in direction, e.g., Chapter 11 case being administered by a debtor-in-possession to Chapter 7 case, the clear language of the statute allows for the renewal of the statute of limitations because of the appointment of a trustee. Triggering the statute by conversion, not appointment of a trustee is an overbroad reaction to a concern that is really dealt with by the statute in most instances. While it is true that in some cases—i.e., Chapter 11 operating trustee to Chapter 7 trustee—the conversion after the appointment of the first trustee may result in a new direction for the case, it does not necessarily follow that the appropriate approach is to renew the statute.

Allowing the two year statute to be stretched to as much as six years appears contrary to the policy underlying statutes of limitations as vehicles of certainty and repose. Articulating this view, another bankruptcy court in the Northern District of Illinois observed:

> To be sure, a chapter 11 trustee may have different incentives than the trustee in a chapter 7 case. However, the purpose of the limitations period for recovery of preferential transfers is to provide finality for creditors who have received payments from the debtor.... The focus of statutes of limitations is therefore to protect defendants, not to provide a clean slate for new trustees. A chapter 11 trustee who sits on his rights should not be permitted to convert the case to chapter 7 to reopen his window of opportunity to pursue stale preference actions....

*Grabscheid v. Denbo Iron and Metal, Inc. (In re Luria Steel and Trading Corp.),* 164 B.R. 293, 296 (Bankr.N.D.Ill.1994).

*court gave no consideration to the first appoint-* *ment of a Chapter 7 trustee.*

(3) At the other end of the spectrum is the view that there is but one limitations period of two years which continues to run without regard to who is the potential new plaintiff. *See Steege v. Lyons (In re Lyons),* 130 B.R. 272 (Bankr.N.D.Ill.1991); *Strell v. Weston (In re Cotton),* 92 B.R. 595 (Bankr.W.D.N.Y. 1988). In these cases, a trustee managed the debtors' affairs almost from the date the case was filed. These cases hold that the period begins to run upon the appointment of a first trustee under any of the Code sections listed in § 546(a)(1) and does not begin anew upon the appointment of a second trustee without regard to whether or not the case has been converted. They do not foreclose the possibility that if the party in possession at the inception of the limitations period were the debtor, that a new period could spring to life on the appointment of a trustee. Since only the Courts of Appeals of the Ninth, Tenth, Third and Second Circuit [5a] have held that § 546(a) applies to a debtor-in-possession, only cases from courts in those jurisdiction would have made that determination, and we can only identify one case that so holds.

In *Dumas v. Research Testing Lab, Inc. (In re EPI Products USA, Inc.),* 162 B.R. 1 (Bankr.C.D.Cal.1993), the Court held that the two-year statute of limitations for proceedings pursuant to the trustee's avoiding powers commenced upon the filing of the Chapter 11 petition and did not begin to run anew after a Chapter 7 Trustee was appointed even though no trustee was appointed in the Chapter 11 case. The court found that the appellate authority contained in *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413 (9th Cir.1993); and *Upgrade Corporation v. Government Technology Services, Inc. (In re Softwaire Centre Interna-*

*tional Inc.),* 994 F.2d 682 (9th Cir.1993) compelled that result. In *San Joaquin Roast Beef,* the Court found that the statute of limitations begins to run from the date the first trustee is appointed and that all subsequent trustees are subject to the same time frame. Focusing on the plain reading of § 546(a), the Ninth Circuit refused to follow those courts that have found that the statute of limitations begins again after the conversion of one case to another and the appointment of a new trustee. *Id.* at 1416. It expressly rejected the policy arguments for a new limitations period as being more appropriately addressed to Congress. *Softwaire Centre,* following the Tenth Circuit Court of Appeals in *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1523–24 (10th Cir.1990), *aff'd on appeal after remand,* 999 F.2d 548 (10th Cir.1993), held that the § 546(a) statute of limitations was applicable to debtors-in-possession because they have the same powers and limitations as a trustee. *See* 11 U.S.C. § 1107(a). Reading these two cases together, the *EPI* court concluded that conversion did not create a new period of limitations and since § 546(a) applied to debtors-in-possession, the period began to run from the petition date and expired by the time the Chapter 7 trustee commenced the adversary proceeding.

We find the *EPI* Court's conclusion not without logic. However, we do not think it is the correct result based on our reading of *Coastal Group.* While the Third Circuit expressly followed the Ninth and Tenth Circuit Courts of Appeals and adopted some of their reasoning, its analysis paves a path supporting a conclusion different than that reached by the *EPI* court.[6]

---

**5a.** Like the Third Circuit, the Second Circuit in its recent opinion in *Century Brass Products, Inc. v. Caplan (In re Century Brass Products),* 22 F.3d 37 (2d Cir.1994) expressly did not decide whether the subsequent appointment of a trustee might revive a claim that the debtor-in-possession would have been barred from bringing.

**6.** We note that other bankruptcy courts in California reached a different conclusion construing the same appellate cases. See *Daff v. Regal Recovery Inc. (In re Continental Capital & Credit, Inc.),* 158 B.R. 828 (Bankr.C.D.Cal.1993) (distinguishing *Softwaire Centre* and *Zilkha* which were not converted from Chapter 11 to Chapter 7 and

reading § 546(a) literally to give a permanent trustee elected pursuant to § 702 two years to file an avoidance action). Another post-*Softwaire Centre* bankruptcy court in California went even farther in allowing the statute of limitations to begin anew when a "designated representative" under a confirmed Chapter 11 plan commenced an avoidance action after the debtor-in-possession's period had expired. *Iron–Oak Supply Corp. v. Nibco Northwest Inc. (In re Iron–Oak Supply Corp.),* 162 B.R. 301 (Bankr.E.D.Cal. 1993). *Iron–Oak* construed the Ninth Circuit Court of Appeals to have concluded by reason of *Softwaire Centre* and *San Joaquin Roast Beef* that there are two distinct two-year limitations peri-

(4) The last and we believe proper solution to the question posed by this Motion is to find that there are two distinct limitations period: one is commenced with the initiation of the Chapter 11 case and flows from the limitations placed upon a debtor-in-possession under § 1107. The other is commenced upon the appointment of the first trustee under any of the sections referenced in § 546(a). This view we believe is compelled by the Third Circuit Court of Appeals' rationale for holding the debtor-in-possession subject to the limitations period. In rejecting the reasoning of those decisions that found that the plain meaning of § 546(a) precludes application to a debtor-in-possession, the Court found a "strong counter-argument" that the statute must be read as a whole and that so read, the term "trustee" includes a debtor-in-possession. 13 F.3d at 83. It noted that the debtor-in-possession's authority to avoid transfers under §§ 547 and 553 is derived from § 1107(a) which expressly imposes the same limits on a debtor-in-possession that are imposed on a trustee.[7] *See also* S.Rep. No. 95–989, 95th Cong., 2d Sess. 116 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5902. The Court then observed that "[o]ne of the limits on the rights and powers of the trustee is the time bar set forth in § 546(a)(1)." *Id.* In final response to the literalists, the Court stated:

> Moreover, rather than substituting the term "debtor-in-possession" for the term "trustee", the more natural approach would view § 1107(a) as an invitation to substitute the term "debtor-in-possession" for the entire § 546(a) phrase "trustee appointed under Section 702, 1104, 1163, 1302, or 1202 of this title ..."

*Coastal Group,* 13 F.3d at 84. This interpretation allows for a plain reading of § 546(a)

because the limitations on the debtor-in-possession compelled by § 1107 are merely those that are imposed on a trustee under § 546(a). *See also Century Brass,* 22 F.3d at 39–40; *Continental Capital & Credit,* 158 B.R. at 829.

The Ninth Circuit Court of Appeals, the only Court of Appeals to address this question, relied on the plain meaning of § 546(a) to reach the same conclusion in *San Joaquin Roast Beef,* 7 F.3d at 1416. Likewise, in *Gillman v. Swire Pacific Holdings, Inc. (In re D–Mart Services, Inc.),* 138 B.R. 985 (Bankr.D.Utah), the Court, construing the Tenth Circuit Court of Appeal's decision in *Zilkha,* found that the appellate court did not limit the ability of a Chapter 7 trustee to commence avoidance actions two years after his appointment where the debtor-in-possession had previously operated the business under Chapter 11 for seven months.[8] *Id.* at 987. The bankruptcy court emphasized that the Tenth Circuit Court of Appeals specifically recognized that the appointment of a trustee is distinguishable from a "debtor-in-possession scenario" and, like the Third Circuit Court of Appeals, reserved ruling on the issue. *Id.* Also instructive is *Brook Meade Health Care Center,* wherein the Bankruptcy Court found it unnecessary to decide whether § 546(a) applies to a debtor-in-possession[9] because even if it did, "nothing in the language of § 546(a) suggests that the limitation on a debtor-in-possession would be 'tacked' or 'added' to calculate the limitation with respect to a subsequently appointed trustee." 1994 WL 88839 at 1. Finding support for this view in various appellate cases, the Court further stated that "commencing the limitations period on the date of the written order appointing the trustee best furthers

---

ods for avoiding actions subject to § 546(a). A debtor-in-possession gets two years from the date of filing of the case. All trustees get two years from the date the first trustee was appointed. *Id.* at 306. As discussed below, we agree with *Iron-Oaks* that these two distinct periods exist. We do not reach the issue of whether a designated representative is the functional equivalent of a trustee as the California court did.

7. Section 1107 provides in pertinent part:
   (a) *Subject to any limitations on a trustee serving in a case under this chapter, ...* a

debtor-in-possession shall have all the rights ... of a trustee in serving a case under this chapter. (Emphasis added)

8. The Court also took the opportunity to reiterate the rationale of its *Afco* opinion. While we concur with the holding of *D–Mart Services,* we do not go as far as the Court did in *Afco. See* pages 1020–21 *supra.*

9. The Sixth Circuit Court of Appeals has not been presented with this issue.

the policy of providing litigants with certainty in regard to the time periods in which actions can be prosecuted." *Id.* We agree.

Our decision herein is compelled not only by our interpretation of the plain language of § 546(a)(1) and relevant case law, but also by the nature and purpose of statutes of limitation which the United States Supreme Court has described thusly:

> Statutes of limitations ... represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'

> [Statutes of limitation] are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to preserve their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.

*United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979) (quoting *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). *See also San Joaquin Roast Beef*, 7 F.3d at 1415; *Luria*

*Steel*, 164 B.R. at 296–97; *Iron–Oak*, 162 B.R. at 306–07 (quoting *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 313–14, 65 S.Ct. 1137, 1141–42, 89 L.Ed. 1628 (1945)).

Because the trustee in this case was appointed by written order on January 2, 1992, his action to avoid and recover preference under § 547 in this adversary proceeding filed on December 13, 1993 is timely, and Defendant's Motion for Judgment on the Pleadings will and hereby is denied.

An Order consistent with this Opinion will be entered.

### ORDER

**AND NOW,** this 31st day of May, 1994, upon consideration of the Motion of Rental Tools/Equipment for Judgment on the Pleadings (the "Motion") and the parties' briefs, it is hereby **ORDERED** that:

1. The Trustee's Complaint is not time barred by 11 U.S.C. § 546(a)(1); and

2. The Motion is **DENIED.**